**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

STEPHEN W.,                                           Case No. 1:26-cv-11358

        *Plaintiff,*                                  Patricia T. Morris
                                                      United States Magistrate Judge

v.

COMMISSIONER OF
SOCIAL SECURITY,

        *Defendant.*

_____/

## ORDER REGARDING DEFICIENT APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

This is a social security case.  On May 19, 2026, the Court entered an Order to Show Cause directing Plaintiff to explain why this case should not be dismissed for failure to pay the filing fee or submit a proper Application to Proceed Without Prepaying Fees or Costs.  (ECF No. 4).  Plaintiff filed a response on May 22, explaining that an Application to Proceed Without Prepaying Fees or Costs was attached to the Complaint as ECF No. 1-3.  (ECF No. 5).  For the reasons explained below, the Court finds Plaintiff's application insufficient.

Although Plaintiff did attach an application to the Complaint, the document was not properly filed as a separate application seeking leave to proceed *in forma pauperis* (IFP).  The submitted application is also light on details and does not

1

provide sufficient financial information for the Court to determine whether Plaintiff qualifies for IFP status.

In determining IFP eligibility, "courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006); *see also Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) (upholding a denial of IFP status due to pension income).  Assets may include equity in real estate and automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D. D. C. 2004).  In addition, courts "have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health Sys.,* No. 10-31, 2010 WL 502781, at *1, n. 1 (D. Minn. Feb. 5, 2010); *accord Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 123–124 (3rd Cir. 2013) (holding district court did not abuse its discretion in requiring plaintiff to disclose spouse's assets)

Here, Plaintiff's application does not provide enough information for the Court to determine whether he qualifies for IFP status.  Plaintiff does not identify any employment, wages, or regular income.  (ECF No. 1-3, PageID.7).  But does indicate that he received money from another individual on several occasions and

that he receives monthly food assistance benefits. (*Id.* at PageID.8). Plaintiff lists no housing, transportation, utility, loan, or other regular monthly expenses, no debts or financial obligations, no assets, and no dependents. (*Id.* at PageID.9).

To obtain IFP status, Plaintiff must either disclose his expenses or explain why he has none. It is relevant to the Court's inquiry whether a family member is providing him with the necessities of life and can thus pay the filing fee for this case. *See Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling, or other next friend." (citation modified)).

Accordingly, **IT IS ORDERED** that Plaintiff shall, on or before **June 10, 2026**, either:

(1) pay the filing fee in full; or

(2) file a thoroughly completed Application to Proceed Without Prepaying Fees or Costs as a separate docket entry.

Plaintiff is also **CAUTIONED** that failure to timely comply with this Order may result in a recommendation to dismiss this action for failure to prosecute and comply with Court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962).

Date: May 27, 2026                    S/PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge

3